Samuel J. Richman, Defendant in Error, v. Joseph E. Menrath, Plaintiff in Error.

Gen. No. 35,644.

Opinion filed March 28, 1932.

HOYNE, O'CONNOR & RUBINKAM, for plaintiff in error.

GEORGE H. KRIETE, for defendant in error.

MR. PRESIDING JUSTICE O'CONNOR delivered the opinion of the court.

June 21, 1930, plaintiff, as landlord, caused judgment by confession to be entered against the defendant, as tenant, for $7,616.68, which included $500 attorney's fees. September 8, 1930, the defendant filed a written motion, supported by a petition and affidavit to vacate and open up the judgment and for leave to defend. The matter was continued from time to time and the defendant given leave to file two additional affidavits in support of his motion, and on January 2, 1931, the motion came on for hearing and was denied. Thereupon the defendant prayed an appeal to this court, which was allowed upon the defendant filing his bond for $9,000 within 30 days and bill of exceptions within 60 days. The defendant did not file the bond to perfect the appeal nor the bill of exceptions, and on February 12, 1931, an execution was served upon him by the sheriff notifying defendant that he must file a schedule of his property which he claimed to be exempt within 10 days. Afterwards the defendant filed such schedule and the execution was returned by the sheriff no part satisfied. On June 25, an alias execution was issued, a demand made and the execution returned no part

satisfied. On November 25, 1931, the defendant moved the court for leave to file an amended bill of exceptions *nunc pro tunc* as of January 2, 1931. The motion was supported by the affidavit of counsel for the defendant. The court on December 11 denied the motion holding that he then had no jurisdiction to approve the so-called amended bill of exceptions and to permit it to be filed. Afterwards, the defendant tendered his bill of exceptions which was approved and filed. It shows *inter alia* his motion of September 8, 1930, and the petition and affidavits in support thereof.

Plaintiff has made a motion to strike the bill of exceptions and the motion was reserved to the hearing. The motion must be denied because the only way it could be made to appear of record what had taken place on September 8, 1930, and subsequently, was by bill of exceptions. We think the court was right in denying the defendant's motion to file the so-called bill of exceptions *nunc pro tunc* as of January 2, 1931. Contrary to the statement of defendant's counsel no bill of exceptions was filed within the 60 days allowed by the court on January 2, 1931. After the lapse of the 60 days the court lost jurisdiction. The case of *Pralle v. Metropolitan Life Ins. Co.*, 252 Ill. App. 460, affirmed in 346 Ill. 58, chiefly relied upon by counsel for the defendant is not in point. In that case a bill of exceptions had been properly approved and filed; it did not, however, show that a motion for new trial had been made and overruled. Afterwards an amended bill of exceptions, which showed that such motion had been made and overruled, was approved and filed and the Supreme Court held there was sufficient memorandum in the judgment order to show that a motion for a new trial was made and overruled, to warrant the approval of the amended bill of exceptions. In the instant case there was no bill of exceptions filed within the 60 days and it is obvious therefore that the

*Pralle* case is not in point. There being no bill of exceptions in the record filed pursuant to the order of January 2, 1931, the case on this writ of error must be disposed of on the common law record.

The defendant contends that the judgment order entered June 21, 1931, is fatally defective because it is not in conformity with the declaration and recitals in the cognovit in that it is not specified in the order in whose favor, nor against whom, the judgment is to be entered. The difficulty with this contention is that what counsel refers to as the judgment order is but a mere memorandum on the back of the declaration, signed by the court, and is not the judgment order. The judgment order, written up by the clerk in conformity with the memorandum, is in the usual and ordinary form. The further contention of the defendant is that the warrant of attorney authorizing the confession of judgment against the two tenants, Carl H. Upmeyer and Joseph E. Menrath, did not authorize a judgment to be entered against one of the tenants. But the difficulty with this contention is that it is not in accordance with the allegations of the declaration. It is alleged in the declaration that the warrant of attorney authorized that a judgment be confessed against the tenants "jointly and severally" and in these circumstances, the court, upon proper showing, was warranted in entering judgment against Menrath, one of the tenants.

A further point is made by the defendant that since it is made to appear by affidavit in this case that in the case of *Menrath v. Richman,* 262 Ill. App. 639 (Abst.), opinion filed June 22, 1931, Gen. No. 34,614, which involved the same lease, we held the lease in the instant case was terminated, the judgment in the instant case being for rent covered by a period of time after the termination of the lease, the judgment here should be reversed, and therefore we should consider the record, abstracts, briefs and opinion filed in Gen. No. 34,614.

In the opinion filed in that case, the landlord, who was defendant there, filed a cross-bill seeking to recover rent for the premises involved in the case before us and the chancellor there dismissed the cross-bill. We there said: "It was discretionary with the chancellor as to whether he should retain the defendants' cross-bill for the purpose of adjudicating defendants' claim for rent, suit having theretofore been brought by the defendants, which suit was then pending." From this quotation we think it clear that it was not held in case Gen. No. 34,614, that the lease was terminated. We said that since there was another suit pending by the landlord against the tenant to recover rent, the court in its discretion was authorized to dismiss the cross-bill without disposing of the landlord's claim for rent.

If defendant would be relieved from paying the rent for a period of time after he contends the lease was terminated, as shown by the opinion filed in case Gen. No. 34,614, he must seek his relief in another forum.

The judgment of the circuit court of Cook county is affirmed.

*Affirmed.*

McSurely and Matchett, JJ., concur.